**JASON M. SANTARCANGELO, ESQ. (JS4492)**
**SANTARCANGELO LAW, L.L.C.**
**80 PARK STREET, SUITE 2A**
**P.O. BOX 731**
**MONTCLAIR, NJ 07042**
**PHONE: (973) 233-5815**
**FAX: (888)-852-6651**
**ATTORNEY FOR PLAINTIFF**
**DONALD P. MILIONE, D.C., P.C.**

### UNITED STATES DISTRICT COURT
### SOUTHER DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD P. MILIONE, D.C. P.C. A/A/O EVELYN SKLAR-GOLDMAN<br><br>Plaintiff<br><br>v.<br><br>OPTUMHEALTH CARE SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No.: 16-3598<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, DONALD P. MILIONE, D.C., P.C. ("Plaintiff" or "Milione") as assignee and legal representative of EVELYN SKLAR-GOLDMAN ("SKLAR-GOLDMAN") by and through its attorneys, Santarcangelo Law, L.L.C., by way of Complaint against Defendant OPTUMHEALTH CARE SOLUTIONS, INC. ("Optum") hereby alleges upon knowledge as to the corporation and its own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation made by and through his attorneys, as follows:

### PARTIES

1) Sklar-Goldman employer maintains an "Employee Health Benefit Plan" (the "Plan") as defined in 29 U.S.C. § 1002 (1).

2) Plaintiff, Donald P. Milione, D.C., P.C. is a Professional Corporation registered in the State of New York with a principal place of business at 330 E. 79th Street, #1C, New York, NY 10075.

3) Defendant Optumhealth Care Solutions, Inc. serves as third-party administrator of the Plan and/or provides health insurance to beneficiaries and participants of the Plan. Upon

information and belief, Aetna has a principal place of business in Minnesota located at, 6300 Olson Memorial Highway, Golden Valley, Minnesota 55427. Optum has a registered agent of CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

4) Sklar-Goldman is a "participant" under the plan as defined by 29 U.S.C. §1002 (7) and a "beneficiary" under the Plan as defined by 29 U.S.C. §1002 (8).

## JURISDICTION AND VENUE

5) Aetna's actions in administering the Plan are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 to 1461 ("ERISA"). This Court, has subject matter jurisdiction over ERISA claims stated herein under 28 U.S.C. §1331 and 29 U.S.C. § 1132(e).

6) Venue is appropriate in this District under 28 U.S.C. §1391, and 29 U.S.C. §1332(e)(2) because: (i) Aetna resides, is found, has an agent, and transacts business in this District; (ii) Aetna conducts a substantial amount of business in this District; and (iii) Aetna insures and/or administers the Plan in this District.

## STANDING

7) As a participant of the Plan as that term is defined in 29 U.S.C. §1002(7) and a beneficiary of the Plan as that term is defined in 29 U.S.C. §1002(8), Sklar-Goldman has standing to bring this action under 29 U.S.C. §1132(a)(1)(B).

8) By and through Sklar-Goldman's execution of a Power of Attorney, Milione is an "authorized representative" of Sklar-Goldman and therefore may bring this action on behalf of Sklar-Goldman under 29 U.S.C. §1132 (a)(1)(B). The assignment of benefits is attached as Exhibit 1 and is incorporated by reference.

## FACTS COMMON TO ALL COUNTS

9) At all times relevant hereto, Sklar-Goldman was both a participant and a beneficiary under the Plan, Optum Insured No. XXXXXX4701.

10) At all times relevant hereto, Donald P. Milione, D.C., P.C. (EIN No. 11-9422700) a domestic professional corporation operated in compliance with New York Law.

11) At all times relevant hereto, under the terms and conditions of the Plan, Sklar-Goldman was entitled to receive, *inter alia*, benefits for outpatient chiropractic care.

12) Sklar-Goldman underwent outpatient chiropractic care performed by Milione between October 8, 2013 through October 30, 2013.

13) Milione timely submitted claims for reimbursement totaling at least $7,215.35 to Optum with respect to professional services rendered by Milione to Sklar-Goldman ("professional fees") utilizing a CMS-1500 Health Insurance Claim Form.

14) Optum paid all or part of the claims for reimbursement with respect to professional fees for services performed by Milione to Sklar-Goldman.

15) Optum denied a majority of the claims for reimbursement with respect to the professional fees for services provided by Milione to Sklar-Goldman.

16) Optum's stated reason for denying payment to Milione for professional services provided by Milione to Sklar-Goldman is that the information provided does not support medical necessity.

17) By making partial payments during the relevant period Optum acknowledges the medical necessity of the chiropractic care rendered to Sklar-Goldman by Milione.

18) Optum is responsible under the Plan for the necessary medical care rendered to Sklar-Goldman by Milione.

19) To date, Optum has not provided an adequate response to Milione's attempts to appeal the professional fee claim denials in issue, on behalf of Sklar-Goldman.

20) Donald P. Milione, D.C., P.C. a/a/o Evelyn Sklar-Goldman has exhausted all internal remedies.

21) Any administrative remedies that may be required to be pursued under ERISA have been exhausted, should be deemed exhausted under applicable regulations, or would be futile under the circumstances, and are therefore excused.

22) Because Aetna failed to pay the fee claims complained of herein within the time frames set forth in 29 C.F.R. §2560.503-1, Milione is permitted to immediately pursue remedies available under 29 U.S.C. §1132 on behalf of Sklar-Goldman.

## FIRST COUNT

23) Plaintiff repeats, re-alleges and incorporates the allegations of all prior paragraphs as if set forth at length herein.

24) By failing to pay benefits to Sklar-Goldman and/or Milione for professional services provided by Milione to Sklar-Goldman, Optum violated its duties and obligations under the Plan.

25) Because Sklar-Goldman was a participant and beneficiary of the Plan, and because Milione is the authorized representative of Sklar-Goldman, Milione has standing to bring this cause of action under 29 U.S.C. §1132(a)(1)(B) to enforce rights created by the Plan and to seek benefits relating to services rendered by Milione.

Wherefore, Plaintiff Milione, as the authorized representative of Sklar-Goldman, demands judgment against Defendant Optum, as follows:

A) Declaring that Defendant Optum violated its duties and obligations under the Plan by failing to pay benefits relating to professional services Sklar-Goldman received at Milione;

B) Directing Defendant Optum to pay benefits to Milione relating to professional services Sklar-Goldman received at Milione;

C) Statutory attorneys' fees;

D) Costs of suit; and

E) Such other and further relief as the Court may deem equitable and just.

## **FIRST COUNT**

Pursuant to FRCP 38(b), plaintiff demands a trial by jury as to all issues so triable.

                                          Respectfully Submitted,
                                          SANTARCANGELO LAW, L.LC

                                          /s/ Jason M. Santarcangelo
                                          JASON M. SANTARCANGELO, ESQ.
                                          80 Park Street, Suite 2A
                                          P.O. Box 731
                                          Montclair, New Jersey 07042
                                          Attorney for Plaintiff

Date: May 15, 2016

# EXHIBIT 1

## Member Authorization Form for a Designated Representative to Appeal a Determination

TO:  UnitedHealthcare/Oxford Health Plans
P.O. Box 29134
Hot Springs, AR 71903
Attn: Grievance Review Department

DATE: 6/16/14

Member Name: Evelyn Sklar Goldman

Member #: ███4701

I hereby authorize Dr. Milione _____ to appeal Oxford determination concerning Evelyn Sklar Goldman _____ on my behalf, as my Designated Representative, and, as part of the appeal, I hereby authorize UnitedHealthcare in its decision letter and in connection with the processing of my appeal, to communicate with my Designated Representative in all aspects of the appeal. I understand that these communications may contain the following:

> All medical and financial information contained in my insurance file, including but not limited to treatment for venereal disease, alcoholism and drug abuse, abortion, mental disorder and HIV status relating to my examination, treatment and hospital confinement in connection with the determination which is being appealed.

I understand this information is privileged and confidential and will only be released as specified in this Authorization, or as required or permitted by law. This authorization is valid for a period of one year.

_Evelyn Sklar Goldman_
Signature of Member or Legal Guardian/Representative

_____
___Signature of Witness ___Designated Representative (Check One)

_____
Name of Witness/Designated Representative (Please Print)

_____
Title (if on provider's staff) or Relationship to Member

Donald P. Milione, DC
330 E 79 ST, 1-C
New York, NY  10021
(212) 988-6900

Date: 10/08/201

ASSIGNMENT
AUTHORIZATION

ASSIGNMENT AND INSTRUCTION FOR DIRECT PAYMENT TO PHYSICIAN

Private, Group, Accident, and Health Insurance

I hereby authorize and direct the ~~Evelyn G~~ United HealthCare/
Insurance Carrier to pay by check made out and mailed directly to: Oxford

Donald P. Milione, DC
330 E 79 ST, 1-C
New York, NY  10021
(212) 988-6900

If my policy prohibits direct payment to my doctor then I hereby instruct and direct the check to be made to me and mailed as follows:

C/O     Donald P. Milione, DC
        330 E 79 ST, 1-C
        New York, NY  10021
        (212) 988-6900

The professional or medical expense benefits allowable and otherwise payable to me under my current policy as payment toward the total charges for professional services rendered.

THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY.

This payment will not exceed my indebtedness to the above mentioned assignee, and I have agreed to pay, in a current manner, any balance of said professional service charges over and above this insurance payment.

A PHOTOCOPY OF THIS ASSIGNMENT SHALL BE CONSIDERED AS EFFECTIVE AND VALID AS THE ORIGINAL.

I also authorize the release of any information pertinent to my case to any insurance carrier, adjuster, or attorney involved in this case.

_____          _____
Signature of Policyholder                Witness

                                         _____
_____          10/8/2013
Signature of Claimant if other than Policyholder    Date